DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Carl Finley ("Finley"), appeals from the judgment of the Wayne County Court of Common Pleas, Probate Division, which denied his motion for a continuance and appointed Appellee, Carol Williams ("Williams"), his sister, "guardian of the person and estate of Golda B. Finley." This Court dismisses the appeal.
 I. {¶ 2} On March 17, 2008, Williams filed an application for appointment of guardian of Golda B. Finley, her mother, who was alleged as incompetent. Along with the application, Williams filed a list of "next of kin of proposed ward[,]" in which Finley was included. Also on March 17, a date for a hearing on Williams' application was set for April 21, 2008. On March 21, 2008, notice of the hearing was sent to Finley via certified mail. On April 14, 2008, notice was again attempted on Finley by ordinary mail. *Page 2 
 {¶ 3} On April 21, 2008, a hearing was held on the application of appointment of Williams as guardian. At the hearing, Finley testified, in reference to the notice he received, that the "letter is dated the 14th[.] I found it in my mailbox on Friday [the 18th]. I didn't have anytime to retain counsel (inaudible)." Finley also moved the court to continue the case for thirty days so that he could prepare. The court denied Finley's motion. Finley timely appeals asserting two assignments of error.
 II. ASSIGNMENT OF ERROR I "THE PROBATE COURT VIOLATED MR. FINLEY'S DUE PROCESS RIGHTS BY HOLDING A HEARING ON A GUARDIANSHIP APPLICATION WITHOUT PROPERLY SERVING MR. FINLEY WITH NOTICE OF THE HEARING, THUS DENYING MR. FINLEY HIS RIGHT TO RECEIVE REASONABLE NOTICE AND A REASONABLE OPPORTUNITY TO BE HEARD."
 ASSIGNMENT OF ERROR II "THE PROBATE COURT ABUSED ITS DISCRETION IN FAILING TO GRANT MR. FINLEY'S MOTION FOR CONTINUANCE, ESPECIALLY WHEN MR. FINLEY EXPLAINED TO THE PROBATE COURT THAT HE DID NOT RECEIVE NOTICE OF THE APRIL 21, MONDAY-MORNING HEARING, UNTIL FRIDAY, APRIL 18, AND THAT AS A RESULT, MR. FINLEY DID NOT HAVE ADEQUATE OPPORTUNITY TO OBTAIN COUNSEL FOR THE HEARING."
 {¶ 4} Finley argues that his right to due process was violated when the probate court held a hearing on the guardian application of his sister for the care of his mother without properly serving him with a notice of the hearing. Finley also argues that the probate court abused its discretion by denying his motion for a continuance. However, because Finley does not have standing to appeal the decision of the probate court, we decline to address the merits of his argument. *Page 3 
 {¶ 5} The Supreme Court of Ohio recently held in In re Guardianship ofSantrucek, 120 Ohio St.3d 67, 2008-Ohio-4915, that "[a] person who has not filed an application to be appointed guardian, or who otherwise has not been made a party to the guardianship proceedings, has no standing to appeal." Id. at syllabus. In coming to its conclusion, the Supreme Court noted that "[b]ecause guardianship proceedings are not adversarial, but are in rem proceedings involving only the probate court and the ward, the requirements for standing to appeal are more elaborate." Id. at ¶ 5.
 {¶ 6} The Supreme Court also noted that individuals who receive notice of the guardianship proceeding pursuant to R.C. 2111.04(A)(2) do not automatically receive party status by virtue of the notice conferred by the probate court. Id. at ¶ 8. However, the high court pointed out that there exist alternative ways to become a party to the proceedings; for example, by way of intervention under Civ. R. 24. Id. at ¶ 10.
 {¶ 7} In the case before this Court, Nelson neither filed an application to be appointed guardian, nor made any other affirmative effort to become a party to the proceedings. Therefore, Finley has no standing to bring this appeal. Accordingly, we decline to reach the merits of Finley's assignments of error.
 III. {¶ 8} This Court declines to address Finley's assignments of error. The appeal is dismissed.
 Appeal dismissed. *Page 4 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DICKINSON, J., BAIRD, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1