[Cite as *In re Guardianship of Basista*, 2014-Ohio-1349.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


GUARDIANSHIP OF NICOLE BASISTA.   :   **O P I N I O N**

:

CASE NO. 2013-G-3140



Civil Appeal from the Geauga County Court of Common Pleas, Probate Division.
Case No. 11 PG 000206.

Judgment: Affirmed.


*Jerome Milano*, 2639 Wooster Road, Rocky River, OH 44116; *Kathryn Gonser Eloff* and *James Matthew Willson*, 3820 Monticello Boulevard, Cleveland Heights, OH 44121 (For Appellant Ronald Basista).

*Sandra A. Dray*, Sandra A. Dray Co., L.P.A., 1111 Mentor Avenue, Painesville, OH 44077 (For Appellee Marijana Glass).

*Kerry Allenby*, 352 Claridon Road, Chardon, OH 44024 (Guardian ad litem).



TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Ronald Basista, appeals the judgment of the Geauga County Court of Common Pleas, Probate Division, granting appellee, Marijana Glass', motion to dismiss his application to establish visitation of their daughter, Nicole Basista. Based on the following, we affirm.

{¶2} Mr. Basista and Ms. Glass were married and have one child, Nicole. The record demonstrates that Nicole suffers from Noonan's Syndrome. The parties divorced

in 1996, when Nicole was a minor child. Since then, Mr. Basista has enjoyed visitation rights. Nicole, however, turned 18 on January 8, 2011. Shortly thereafter, Ms. Glass decided to sell her home; however, Nicole had acquired an interest in the home. When the parties divorced, Mr. Basista quitclaimed his one-half interest in the marital home to Nicole. Therefore, in order to sell the home, Ms. Glass applied for guardianship of the person for Nicole. Mr. Basista filed an application to be appointed guardian of Nicole's estate. Ms. Glass was appointed Guardian of the Person, and Mr. Basista was appointed Guardian of the Estate.

{¶3} Mr. Basista filed an application in the probate court to establish visitation. He also filed an application in the domestic relations court to establish visitation. The domestic relations court declined to address the motion, apparently indicating it did not have jurisdiction.

{¶4} The probate court appointed a guardian ad litem ("GAL") to conduct "an independent investigation and to make recommendation regarding the best interest of the ward regarding the request in the Application to Establish Visitation of Ronald Basista." A judgment entry was issued establishing a trial date and requiring the Geauga County Jobs and Family Services to submit under seal all records concerning their investigation into allegations of past abuse involving Nicole and Mr. Basista. In response to the GAL report, Mr. Basista issued Subpoena Duces Tecum to West Geauga High School, the school psychologist, Nicole's school teacher, and Nicole's therapist.

{¶5} The probate court then issued an entry assigning the case to the general division of the court of common pleas to avoid a potential conflict.

2

{¶6} Thereafter, Ms. Glass filed a motion for protective order to Mr. Basista's subpoenas and a motion to dismiss the application. In her motion to dismiss, Ms. Glass argued that there are no parental rights to visitation with an incompetent adult and the probate court's jurisdiction does not extend to ordering visitation with an adult ward against the ward's wishes. The magistrate cancelled the hearing date, ordered Mr. Basista to respond to the motion to dismiss, and granted Ms. Glass' protective order until a ruling was made on her motion to dismiss. Mr. Basista filed a response.

{¶7} The magistrate recommended granting Ms. Glass' motion to dismiss, and Mr. Basista filed objections. In response to Mr. Basista's objections, the magistrate conducted an *in camera* interview of Nicole and issued a supplemental magistrate's decision. Mr. Basista again filed objections to the supplemental magistrate's decision. In response to Mr. Basista's objections, the magistrate issued an amended supplemental magistrate's decision to include the correct subsection of Civ.R. 53.

{¶8} In her supplemental magistrate's decision, the magistrate found the following:

> [Nicole] has sufficient reasoning ability to express her wishes and concerns regarding spending time with her Father. She was not reluctant to express these wishes and concerns and she expressed them freely. She was adamant that she does not want to spend time with her Father. There was no evidence or suggestion that she was coached or is in any way influenced by her mother or anyone else.
>
> Nicole demonstrated during the *in camera* interview that she is capable, as an adult, of making her own choices and having her own opinions.

The magistrate concluded:

Nicole is an adult woman with a developmental disability who has the capacity and right to decide who she wants to spend time with. Currently, she does not want to spend time with her Father.

Ohio law makes it clear that Nicole has the right to be treated equally as a citizen under the law, and the right to choose with whom she wishes to communicate and spend time with.

{¶9} The trial court affirmed the decision of the probate magistrate. Mr. Basista filed a notice of appeal and asserts four assignments of error. For ease of discussion, we review appellant's assignments of error out of order. As his fourth assignment of error, appellant states:

{¶10} "The domestic relations Trial Court erred in declining jurisdiction over the visitation issue and the probate court erred by finding that it did have jurisdiction."

{¶11} Under this assigned error, Mr. Basista claims the domestic relations court erred when it declined jurisdiction to hear Mr. Basista's motion for visitation. We note that although Mr. Basista assigns this as error on appeal, he did not appeal the judgment of the domestic relations court denying jurisdiction nor do we have the judgment in our record on appeal. We, therefore, address only whether the probate court erred in its determination that it "took jurisdiction over questions involving visitation when it ruled on the guardianship."

{¶12} This court has held that whether a court has jurisdiction of the subject matter of an action is a question of law. *Burns v. Daily*, 114 Ohio App.3d 693, 701 (11th Dist.1996). Questions of law are reviewed de novo. *Ohio Bell Tel. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992).

{¶13} *In re Constable*, 12th Dist. Clermont No. CA99-05-039, 2000 Ohio App. LEXIS 2467 (Jun. 12, 2000), involved the guardianship of Shawn Constable, an adult

4

suffering from hydrocephalus, a brain disorder characterized by excessive cranial fluid. Shawn's parents divorced while Shawn was a minor; Shawn's mother, Linda, was named residential parent in the divorce decree. Near his eighteenth birthday, both of Shawn's parents filed competing applications in the probate court for guardianship. While the matter was pending in the probate court, Shawn's father filed a petition in the domestic relations court requesting that court exercise jurisdiction over the matter; the domestic court concluded the probate court had exclusive jurisdiction over the guardianship of an adult.

{¶14} The Twelfth Appellate District held:

> Where a matter falls within the exclusive jurisdiction of the probate court, no other court may exercise jurisdiction over the matter. * * * Although the domestic relations court has jurisdiction over child custody and support matters, R.C. 3105.011 and 3109.05, * * * guardianship is within the exclusive jurisdiction of the probate court. Once Shawn reached the age of eighteen and Linda and James sought guardianship, the probate court was the only court with jurisdiction over Shawn.

*Id.* at *4.

{¶15} Here, the parties agreed to the guardianship of Nicole: Mr. Basista was appointed guardian of Nicole's estate while Ms. Glass was appointed guardian of Nicole's person. Nicole, an adult, was under guardianship when Mr. Basista filed motions regarding visitation in the domestic court, which were dismissed for lack of jurisdiction. Mr. Basista failed to timely file a notice of appeal from the domestic court's judgment entry. Nevertheless, the probate court did not err when determining that it possessed jurisdiction as to matters concerning *visitation* of Nicole, already a ward of the court. Once a ward of the court, the probate court maintains ongoing judicial oversight of the ward during the pendency of the guardianship.

5

{¶16} Mr. Basista's fourth assignment of error is without merit.

{¶17} As his first, second, and third assignments of error, Mr. Basista alleges:

[1.] The Trial Court erred by issuing a protective order, by blocking Appellant from acquiring and introducing evidence of any type in support of his Motion, and by having insufficient factual findings to permit the Trial Court to make an independent review of the Magistrate's Decision.

[2.] The Trial Court erred in reading R.C. 5123.62 to prevent any review of decisions made by this mentally disabled individual or by concluding that Nicole is emancipated.

[3.] The Trial Court erred by not permitting Appellant to defend himself against the inflammatory and baseless charges of molesting his daughter, issues that were raised once again in an effort by his former wife to cloud the issues which actually were before the court.

{¶18} Under Mr. Basista's first, second, and third assignments of error, he maintains the probate court erred in denying him an evidentiary hearing so that he may offer evidence to support his motion for visitation. Mr. Basista argues that he was unable to defend himself against the allegations of molesting Nicole, which were contained in the GAL report. Mr. Basista further contends that although the trial court found Nicole does not wish to see her father, she is not emancipated and unable to make her own decisions.

{¶19} Conversely, Ms. Glass argues that an evidentiary hearing was not warranted on her motion to dismiss, as the court has no statutory authority to grant Mr. Basista's request for visitation and order Nicole, an adult, to visit her father against her will.

{¶20} "The axiomatic principle enveloping guardianship matters is that the Probate Court is the superior guardian of the person and property of an incompetent,

6

while the guardian herself is an officer or agent of court, subject always to the court's control, direction and supervision." *In re Guardianship of Krepper v. Pocker*, 8th Dist. Cuyahoga No. 54419, 1988 Ohio App. LEXIS 294, *4 (Jan. 28, 1998). "Guardianship of a ward exists for the benefit of the ward. The probate court's decisions regarding guardianship must be made in the best interest of the ward." *Constable*, *supra*, *5.

{¶21} Before we address Mr. Basista's assigned errors, we must first determine whether a ward's parent has an absolute right of visitation with the ward when the ward is of majority age. In his application to establish visitation, Mr. Basista, citing no legal authority, attached the standard visitation guidelines for non-residential parents and a motion to show cause, presumably filed in the domestic relations court. This document indicated that Ms. Glass was not complying with the visitation outlined in their Separation Agreement. Yet, because the guardianship of Nicole is within the probate court's jurisdiction, the previous visitation schedule is not relevant to the instant case. *See Constable* at *5.

{¶22} Further, on appeal, Mr. Basista has not cited any legal authority or case law to support his argument that he is entitled to visitation with Nicole, an adult ward. Instead, Mr. Basista summarily notes that he has the "right and obligation to visit his child because she is under a legal disability and in all likelihood will never reach the age of majority because of that disability."

{¶23} We are aware that in *Castle v. Castle*, 15 Ohio St.3d 279 (1984), the Ohio Supreme Court addressed a parent's duty to support a mentally or physically disabled child, who was disabled before he attained the statutory age of majority, as if the child were still an infant. It did not, however, address a parent's right to custody or visitation

7

regarding a physically or mentally disabled child after the age of majority. "When the General Assembly codified the holding in *Castle* in R.C. 3119.86, it referred to child support orders. It did not adopt any provisions expanding or extending domestic court jurisdiction with relation to custody or visitation." *Geyan v. Geyan,* 10th Dist. Franklin No. 11AP-626, 2012-Ohio-1965, ¶19.

{¶24} This court's research reveals no authority that grants a ward's parent an absolute right to visitation when the ward is of majority age. Appellate courts have, however, recognized the authority of the probate court to govern visitation between a ward of the court and a family member. *See In the Matter of the Guardianship of McElhanany*, 9th Dist. Summit No. 18423, 1998 Ohio App. LEXIS 71 (Jan. 14, 1998) (affirming a probate court's judgment that ordered restricted visitation between a ward and her sister); *Constable*, *supra* (affirming the probate court's judgment that it was in the best interest of the ward to limit his father's visitations and make such visitations supervised).

{¶25} Here, Nicole is over the age of 18. The record demonstrates that Nicole does not wish to visit with her father, Mr. Basista. Although Nicole is the subject of guardianship, it does not necessarily establish that she cannot express her own wishes and desires. Indeed, Nicole, although suffering from a developmental disability, has the right to be treated equally as a citizen under the law. R.C. 5123.62(N). Nicole has the "right to communicate freely with persons of [her] choice in any reasonable manner [she] chooses," R.C. 5123.62(I), as well as "participate in decisions that affect [her] life." R.C. 5123.62(Q).

{¶26} After conducting the *in camera* interview, the magistrate found:

Nicole demonstrated during the *in camera* interview that she has sufficient reasoning ability to express her wishes and concerns regarding spending time with her Father. She was not reluctant to express these wishes and concerns and she expressed them freely. She was adamant that she does not want to spend time with her Father. There was no evidence or suggestion that she was coached or is in any way influences by her mother or anyone else.

**{¶27}** As the "superior guardian," the probate court is granted authority to address matters of visitation with wards of the court. The probate court, after conducting an interview, determined that Nicole, an adult woman with a developmental disability, is able to express her own wishes, to wit: she does not want to establish visitation with her father. The court found that Nicole had the ability to reason and the capacity to express her wishes, essentially finding that she was capable of determining what was in her own best interest. Therefore, the court did not require input from any other source.

**{¶28}** Mr. Basista objects to the court making this determination and "blocking [him] from acquiring and introducing evidence of any type in support of his Motion." This assigned error essentially claims he was not afforded his right to due process. However, before one can invoke the right to due process, there must be some recognized right to exercise. As previously stated, Mr. Basista has not provided us with any legal authority to support his argument that he has a right to visitation with Nicole, an adult woman. Consequently, it cannot be concluded that Mr. Basista was denied the due process protections that he seeks, i.e., the right to cross-examine the GAL and the right to present additional evidence.

**{¶29}** The situation may be different if the ward was *unable* or *incapable* of expressing his or her desire with regard to visitation or parenting time. However, there

9

is nothing in the record to suggest that is the case. To the contrary, by appointment of an independent GAL, and by conducting an *in camera* interview with Nicole, the probate court took precautions to make sure she was capable of expressing her desire to the satisfaction of the court. Nothing requires the probate court to consider Mr. Basista's assessment of Nicole's capabilities.

{¶30} We do not find merit in Mr. Basista's first, second, and third assignments of error.

{¶31} Based on the opinion of this court, the judgment of the Geauga County Court of Common Pleas, Probate Division, is hereby affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.