[Cite as *Guardianship of Basista*, 2015-Ohio-3730.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

GUARDIANSHIP OF NICOLE BASISTA : **O P I N I O N**

:

CASE NO. 2015-G-0012

Civil Appeal from the Geauga County Court of Common Pleas, Probate Division.
Case No. 11 PG 000206.

Judgment: Reversed and remanded.

*Suzanne M. Jambe*, *Terry M. Brennan*, *James A. Loeb*, and *Emily V. Myers*, Baker & Hostetler, LLP, PNC Center, 1900 East Ninth Street, Suite 3200, Cleveland, OH 44114-3482 (For Appellant Ronald Basista).

*Sandra A. Dray*, Sandra A. Dray, Co., L.P.A., 1111 Mentor Avenue, Painesville, OH 44077 (For Appellee Marijana Glass).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Ronald Basista, appeals the judgment of the Geauga County Court of Common Pleas, Probate Division, granting appellee, Marijana Glass', motion to dismiss appellant's application to establish visitation with their daughter, Nicole Basista. Based on the following, we reverse and remand.

{¶2} Mr. Basista and Ms. Glass were married and have one child together, Nicole, who suffers from Noonan's Syndrome.[1] In 2012 and 2013, the parties litigated

---

1. For a complete factual recitation, *see In re Guardianship of Basista (Basista I)*, 11th Dist. Geauga No. 2013-G-3140, 2014-Ohio-1349.

the issue of Mr. Basista's visitation with Nicole in the probate court, as Nicole is a ward of the court. In the prior action, Mr. Basista filed a motion to establish visitation. Thereafter, Ms. Glass filed a motion to dismiss arguing there are no parental rights to visitation with an incompetent adult and the probate court's jurisdiction does not extend to ordering visitation with an adult ward against the ward's wishes. After conducting an in-camera interview with Nicole, the magistrate recommended granting Ms. Glass' motion to dismiss, stating that Nicole "was adamant that she does not want to spend time with her father." The magistrate found that "Nicole demonstrated during the in-camera interview that she is capable, as an adult, of making her own choices and having her own opinion." The magistrate concluded:

> Nicole is an adult woman with a developmental disability who has the capacity and right to decide who she wants to spend time with. Currently, she does not want to spend time with her father.

> Ohio law makes it clear that Nicole has the right to be treated equally as a citizen under the law, and the right to choose with whom she wishes to communicate and spend time with.

{¶3} The trial court affirmed the decision of the magistrate, and Mr. Basista appealed. In affirming the decision of the probate court, we reasoned:

> Here, Nicole is over the age of 18. The record demonstrates that Nicole does not wish to visit with her father, Mr. Basista. Although Nicole is the subject of guardianship, it does not necessarily establish that she cannot express her own wishes and desires. Indeed, Nicole, although suffering from a developmental disability, has the right to be treated equally as a citizen under the law. R.C. 5123.62(N). Nicole has the 'right to communicate freely with persons of [her] choice in any reasonable manner [she] chooses,' R.C. 5123.62(I), as well as 'participate in decisions that affect [her] life.' R.C. 5123.62(Q).

> * * *

2

As the 'superior guardian,' the probate court is granted authority to address matters of visitation with wards of the court. The probate court, after conducting an interview, determined that Nicole, an adult woman with a developmental disability, is able to express her own wishes, to wit: she does not want to establish visitation with her father. The court found that Nicole had the ability to reason and the capacity to express her wishes, essentially finding that she was capable of determining what was in her own best interest. Therefore, the court did not require input from any other source.

Mr. Basista objects to the court making this determination and 'blocking [him] from acquiring and introducing evidence of any type in support of his Motion.' This assigned error essentially claims he was not afforded his right to due process. However, before one can invoke the right to due process, there must be some recognized right to exercise. As previously stated, Mr. Basista has not provided us with any legal authority to support his argument that he has a right to visitation with Nicole, an adult woman. Consequently, it cannot be concluded that Mr. Basista was denied the due process protections that he seeks, i.e., the right to cross-examine the GAL and the right to present additional evidence.

The situation may be different if the ward was *unable* or *incapable* of expressing his or her desire with regard to visitation or parenting time. However, there is nothing in the record to suggest that is the case. To the contrary, by appointment of an independent GAL, and by conducting an *in camera* interview with Nicole, the probate court took precautions to make sure she was capable of expressing her desire to the satisfaction of the court. Nothing requires the probate court to consider Mr. Basista's assessment of Nicole's capabilities.

*Basista I*, *supra*, ¶25-29 (emphasis sic.).

{¶4} After our decision in *Basista I*, Mr. Basista filed a subsequent motion to establish visitation. In this motion, Mr. Basista maintained that since the denial of his first motion to establish visitation, the following had occurred: (1) Nicole told Chesterland Police Officer Allen Dodge that she "misses" her father, and (2) Nicole moved to Texas with Ms. Glass. To this motion, Mr. Basista attached the affidavit of Officer Dodge. Officer Dodge averred that he saw Nicole at a festival on May 24, 2013; that Nicole informed Officer Dodge to tell her father "hello"; and that she "misses him."

3

Mr. Basista also filed a motion for an order appointing a guardian ad litem to investigate Nicole's situation and to order a psychologist to examine Nicole.

{¶5} Ms. Glass filed a motion to dismiss Mr. Basista's motions. In granting Ms. Glass' motion to dismiss, the trial court found the following:

> As the Court of Appeals stated, Mr. Basista claimed in the previous matters that he 'was not afforded his right to due process.' But, the Court held, 'before one can invoke the right to due process there must be some recognized right to exercise. * * * Mr. Basista has not provided us with any legal authority to support his argument that he has a right to visitation with Nicole, an adult woman.
>
> The Court finds that The Court of Appeals' disposition of that issue is the law of the case. Mr. Basista has no legally cognizable right to visitation with Nicole. * * * As the Court of Appeals in the earlier proceedings noted, there is no legal authority for the proposition that lies at the heart of Mr. Basista's case: that the Probate Court may order visitation with an adult ward. As a matter of law, Mr. Basista has no enforceable right to visitation with Nicole.

{¶6} Mr. Basista filed a timely notice of appeal and asserts the following assignments of error:

> [1.] The trial court erred in holding that the March 31, 2014 decision of the Eleventh District Court of Appeals is dispositive of the issues Mr. Basista raised in his subsequent Motion to Establish Visitation with Nicole Basista and Motion and Application for Appointment of Guardian Ad Litem under the doctrine of law of the case.
>
> [2.] The trial court erred in denying Ronald Basista's Motion to Establish Visitation with Nicole Basista without first investigating Nicole's wishes regarding her relationship with her father, Mr. Basista.
>
> [3.] The trial court erred in denying Ronald Basista's Motion and Application for Appointment of Guardian Ad Litem.

{¶7} Under his first assignment of error, Mr. Basista argues the law of the case doctrine does not apply because this appeal involves a different evidentiary record documenting Nicole's wishes regarding her relationship with appellant. Conversely, Ms.

Glass maintains that both the affidavit of Officer Dodge and the relocation of Nicole to Texas is not new evidence as it was before the trial court in Mr. Basista's motion to stay execution of the judgment denying his prior application for visitation and his identical request for stay filed in this court in *Basista I*. In fact, Ms. Glass points out that Mr. Basista attached the same affidavit of Officer Dodge and again informed the trial court of the relocation to Texas in his motion to establish visitation on December 9, 2014.

{¶8} In *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), the Supreme Court of Ohio explained the "law of the case" doctrine, stating:

> [T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.

*Id.* at 3

{¶9} Accordingly, "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Id.* In contrast, "when subsequent proceedings involve different legal issues or different evidentiary records, the doctrine does not apply." *Johnson v. Morris*, 108 Ohio App.3d 343, 349 (4th Dist.1995).

{¶10} The law of the case doctrine is not applicable to the issue before the court because the issue here is different from the issue in *Basista I*. In *Basista I*, Mr. Basista was asserting a *right* to see Nicole in spite of her desire not to see him. Here, Mr.

5

Basista is asserting that circumstances have changed, and Nicole has expressed a desire to communicate with him and that Nicole "misse[d] him." The new request purports essentially that Nicole wants to visit with her father and, therefore, it is in her best interest to do so.

{¶11} Because we find the law of the case doctrine inapplicable, Mr. Basista's first assignment of error is with merit. Under his second assignment of error, Mr. Basista maintains the trial court erred in not investigating Nicole's wishes "in light of this new evidence."

{¶12} In our previous case, we held Mr. Basista was not deprived of due process because he had no right to visit Nicole. *Basista I* at ¶28. Nicole is an adult and had previously expressed a desire not to see Mr. Basista. If she now, or sometime in the future, wishes to visit Mr. Basista, and Mr. Basista is amenable to such visitation, they may make such an arrangement. Nothing in this opinion or our previous opinion precludes these individuals from communicating whether they want to engage in some form of visitation. Mr. Basista still has no *right* to visit Nicole if she does not want to see him. The issue therefore is whether the trial court should have conducted a further hearing to determine if Nicole's desire to communicate with Mr. Basista has changed, and if so, what is in Nicole's best interest.

{¶13} The probate court, as the "superior guardian," is the ultimate arbiter of whether it is in the best interest of a ward for an individual to have visitation. The probate court acknowledged its role in the underlying judgment entry. In dismissing Mr. Basista's motion, it appears the court's decision was based on the law of the case doctrine, stating: "The Court finds and determines that Mr. Basista's pending motion for

6

visitation fails to state a claim for which the Court may grant relief." It denied the pending motion for visitation and for appointment of a guardian ad litem on that basis, without any type of hearing. It is clear, however, if the trial court determined that Nicole now wished to visit or communicate with her father and that it was in her best interest to visit or communicate with him, it could have, within its discretion, held a hearing on the issue and possibly issue an order allowing such visitation. In other words, if warranted, it *could* have granted some relief.

{¶14} In further support of his argument, Mr. Basista cites to *In re Guardianship of Flohr*, 5th Dist. Ashland No. 2014CA00082, 2014-Ohio-5847, wherein the probate court suspended all contact between an adult child and the ward until the adult child met certain conditions.

{¶15} In its opinion, the Fifth Appellate District distinguished *Basista I*, stating:

> Appellee relies upon the [Eleventh] District Court of Appeals['] recent opinion in *In re Basista*[.] Therein, a father sought visitation with his daughter, an adult ward. The [Eleventh] District found a ward's parent does not have an absolute right to visitation when the ward is of majority age. * * * The ward in *Basista* expressly stated she did not want to visit with her father. * * * We find *Basista* to be distinguishable. The evidence in the instant action does not establish the Ward did not want to see Appellant.
>
> While we [agree] with [the adult child] * * * there is no clearly established right of familial association of an adult child and his parent, we, nonetheless, find [the adult child] has a clearly established right to association with another consenting adult.

*Id.* at ¶18-19.

{¶16} The court in *Flohr* then focused its analysis on whether the adult child was afforded his right to due process prior to the probate court prohibiting his right to associate with his father, the ward. In reversing and remanding the matter, the Fifth

7

District determined the adult child was denied his right to due process as he was not provided notice that the probate court's hearing would include restricting his right to associate with his father. *Id.* at ¶24.

{¶17} Unlike the instant case, the probate court in *Flohr denied* the adult child's contact with his father without affording him procedural due process. As we recognized in *Basista I,*

> [a]ppellate courts have * * * recognized the authority of the probate court to govern visitation between a ward of the court and a family member. *See In the Matter of the Guardianship of McElhany*, 9th Dist. Summit No. 18423, 1998 Ohio App. LEXIS 71 (Jan. 14, 1998) (affirming a probate court's judgment that ordered restricted visitation between a ward and her sister); [*In re Constable,* 12th Dist. Clermont No. CA99-05-039, 2000 Ohio App. LEXIS 2467 (June 12, 2000)] (affirming the probate court's judgment that it was in the best interest of the ward to limit his father's visitations and make such visitations supervised).

*Basista I* at ¶24. Nevertheless, "[t]his court's research reveals no authority that grants a ward's parent an absolute right to visitation when the ward is of majority age." *Id.*

{¶18} As previously discussed, if Nicole, as an adult woman, truly desires to visit Mr. Basista, nothing in this court's previous or current analyses precludes her and Mr. Basista from making such arrangements.

{¶19} Because we find the trial court erred in applying the law of the case doctrine, we find merit in appellant's second assignment of error. Upon remand, the probate court, within its discretion, could order a hearing on the issue of visitation based on whether the trial court felt Mr. Basista presented sufficient evidence to establish that Nicole's desire to communicate with him has changed. If, upon remand, the trial court does not determine Mr. Basista met this burden, the trial court is not required to hold an evidentiary hearing, but may, in its discretion, do so.

8

{¶20} Mr. Basista's second assignment of error is with merit to the extent indicated.

{¶21} Under his third assignment of error, Mr. Basista argues the trial court erred in denying his motion and application for appointment of a guardian ad litem to determine the wishes of Nicole with regard to visitation. Based on the analysis and disposition under Mr. Basista's first and second assignments of error, we find this assignment of error to be moot. It will only need to be addressed in the event the trial court, in its discretion, decides to have a further hearing on the motion for visitation.

{¶22} Based on the opinion of this court, the judgment of the Geauga County Court of Common Pleas, Probate Division, is hereby reversed and remanded for proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.