[Cite as *In re Guardianship of Basista*, 2015-Ohio-4831.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| GUARDIANSHIP OF NICOLE BASISTA | : | **MEMORANDUM OPINION** |
| | : | |
| | | **CASE NO. 2015-G-0035** |

Civil Appeal from the Geauga County Court of Common Pleas, Probate Division.
Case No. 11 PG 000206.

Judgment: Appeal dismissed.

*Suzanne M. Jambe*, Baker & Hostetler, LLP, PNC Center, 1900 East Ninth Street, Suite 3200, Cleveland, OH 44114-3482 (For Appellant Ronald Basista).

*Sandra A. Dray*, Sandra A. Dray Co., L.P.A., 1111 Mentor Avenue, Painesville, OH 44077 (For Appellee Marijana Glass).

TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, Ronald Basista, appeals from two July 20, 2015 orders of the Geauga County Court of Common Pleas, Probate Division, regarding the transfer of guardianship of his daughter, Nicole Basista, an adult ward of the court. Based on the following, we dismiss the instant appeal for lack of a final, appealable order.

{¶2}   Nicole is the only child of Mr. Basista and appellee, Marijana Glass. Ms. Glass is Nicole's guardian. Nicole suffers from Noonan's Syndrome.[1] The parties have engaged in extensive litigation concerning Mr. Basista's attempts to establish visitation with Nicole.

---

1. For a complete factual recitation, *see Guardianship of Basista (Basista I),* 11th Dist. Geauga No. 2013-G-3140, 2014-Ohio-1349.

{¶3} On March 9, 2015, Ms. Glass petitioned the court to transfer guardianship of Nicole to the Probate Court of Harris County, Texas. Three days later, on March 12, 2015, Mr. Basista filed an appeal with this court appealing the trial court's granting of Ms. Glass' motion to dismiss his application to establish visitation with Nicole. *See Guardianship of Basista (Basista II)*, 11th Dist. Geauga No. 2015-G-0012, 2015-Ohio-3730.

{¶4} While *Basista II* was pending before this court, the parties filed numerous pleadings concerning Ms. Glass' petition to transfer guardianship. A hearing was held on the petition on May 26, 2015. Mr. Basista filed an opposition to the proposed provisional order to transfer guardianship.

{¶5} In a July 20, 2015 order, the probate court found Mr. Basista's opposition to the provisional order to transfer guardianship not well taken. That same day, the probate court issued a separate "Provisional Order to Transfer Guardianship" (hereinafter Provisional Order). Appellant filed a timely notice of appeal from the July 20, 2015 judgments.

{¶6} Because *Basista II* was pending when the trial court entered its Provisional Order, appellant filed a motion to stay, pursuant to App.R. 7(A). In his motion, Mr. Basista maintained that the probate court's Provisional Order would interfere with this court's jurisdiction to decide *Basista II.*

{¶7} In an August 26, 2015 judgment, this court granted a temporary stay to maintain the status quo and present Ms. Glass with an opportunity to respond to Mr. Basista's motion. We stated that Ms. Glass' response should address whether the trial court had jurisdiction to enter the July 20, 2015 judgments when *Basista II* was pending.

2

{¶8}   Ms. Glass filed a response and maintains that Mr. Basista's motion to stay is premature.  She argues that the July 20, 2015 judgment is not a final order and does not terminate the guardianship, as the probate court shall issue a final order when the requirements of R.C. 2112.31(F)(1) and (2) are satisfied.

{¶9}   An Ohio court of appeals only has jurisdiction to review final, appealable orders.  *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 87 (1989).  The first step in certifying an appeal as final and appealable is determining whether the order is "final" as defined by R.C. 2505.02.  *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993).

{¶10}   Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.  R.C. 2505.02(B) states, in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which *both* of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(Emphasis added.)

3

**{¶11}** Here, the trial court issued a Provisional Order, which states the following:

> Upon * * * receipt of both a provisional order accepting the proceeding from the Probate Court of Harris County, Texas, and letters of appointment indicating Marijana Glass had been appointed Guardian of the Person in that court for Nicole Basista, this court shall issue a final order confirming the transfer and terminating the guardianship of the person in this Court.

*See* R.C. 2112.31(F).

**{¶12}** The July 20, 2015 Provisional Order is not a final order. For R.C. 2505.02(B)(1) to apply to the appealed entry, it must affect a substantial right, determine the action, and prevent further judgment. The order appealed does not fit into this category. Furthermore, the Provisional Order fails to satisfy both prongs of R.C. 2505.02(B)(4): appellant is not foreclosed from appropriate relief in the future. Appellate relief will be available upon appeal from the trial court's "final order confirming the transfer and terminating the guardianship." *See* R.C. 2112.31(F).

**{¶13}** Accordingly, this appeal is dismissed for lack of a final, appealable order.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

4