[Cite as *In re Guardianship of Bakhtiar*, 2017-Ohio-8617.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: GUARDIANSHIP OF FOUROUGH BAKHTIAR

C.A. No.      16CA011029

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     2013GI00040

DECISION AND JOURNAL ENTRY

Dated: November 20, 2017

SCHAFER, Presiding Judge.

{¶1} Appellant Mehdi Saghafi appeals the denial of his motion for visitation by the Lorain County Court of Common Pleas, Probate Division. For the reasons that follow, this Court reverses and remands.

I.

{¶2} The Lorain County Court of Common Pleas, Probate Division found Fourough Bakhtiar incompetent to care for herself and her property. The subsequent guardianship proceedings proved contentious. This Court summarized those proceedings in a previous appeal as follows:

> Mehdi Saghafi and Fourough Bakhtiar are both in their eighties and had been married for over 55 years when Mehdi filed an application for appointment as guardian of his wife's person based on allegations of her incompetence. On the same day, Dariush Saghafi, one of the couple's sons, filed an application for appointment as guardian of Fourough's estate. Another son, Kourosh Saghafi, D.O., executed the statement of expert evaluation appended to both applications. A month later, Fourough filed a complaint for divorce from Mehdi in the

Cuyahoga County Domestic Relations Court. A couple days after that, the couple's only daughter, Jaleh Presutto, filed an application for appointment as guardian of her mother's person and estate. She appended a statement of expert evaluation conducted by a clinical neuropsychologist. Both experts who evaluated Fourough concluded that she was suffering from dementia. The Lorain County Probate Court subsequently found Fourough incompetent to care for herself and her property and determined that a guardianship was necessary. The probate court appointed Jaleh as interim guardian of her mother's person and Stephen Sartschev as interim guardian of Fourough's estate. Two days later, the probate court issued a judgment entry noting that it had conducted a pretrial during which all parties agreed that a guardianship was necessary for Fourough and that the court had appointed interim guardians. The trial court further prohibited the parties from proceeding with a final divorce hearing at that time.

This guardianship matter proceeded in a highly contentious manner among Fourough's various family members. In addition, other lawsuits pending in Cuyahoga County, including the divorce proceedings between Mehdi and Fourough; a civil action by Kourosh seeking to have Fourough's earlier executed powers of attorney declared invalid; a civil action by Mehdi against Jaleh; and a civil action by third parties against Mehdi and Fourough's guardians surrounding their refusal to transfer their interest in certain real estate pursuant to a real estate contract, all intertwined and served to complicate these matters to a greater extent.

Subsequently, Kourosh filed an application for appointment as guardian of his mother's person and estate. In addition, Mehdi and his sons filed multiple motions to have Fourough evaluated by an independent forensic psychiatrist and independent physician notwithstanding the parties' stipulation of incompetency and agreement that Fourough needed a guardian and that the probate court had appointed interim guardians for the ward and her estate. Mehdi and his sons further repeatedly sought to remove and/or limit the authority of Jaleh as her mother's guardian. The probate court denied those requests. It continued to prohibit the parties from proceeding with a final divorce hearing.

More than a year after the first application for appointment of a guardian was filed, the parties and attorneys involved in this matter, as well as some of the other legal matters involving this family, exhibited ongoing contentious and accusatory behaviors. While Fourough had two interim guardians, she also had her own attorney (Stephen Wolf) who moved to replace the guardian for the estate (Mr. Sartschev) who allegedly was no longer permitted to hold a fiduciary position. Mr. Wolf applied to the probate court to be permitted to "step in and take over as guardian of the estate[.]" Other members of Fourough's family challenged Mr. Wolf's application, asserting that his involvement with this matter, as well as his representation of Jaleh's husband in a criminal matter, prevented him from being a disinterested guardian. Mr. Sartschev informed the probate court that he was required to resign as guardian of the estate, and the trial court accepted his resignation. The probate court further removed Jaleh as guardian of the person

and appointed attorney Zachary Simonoff as interim guardian of both the person and estate of Fourough. Mr. Simonoff filed a formal application for appointment as guardian. The probate court issued letters of guardianship of the estate to Mr. Simonoff and denied all other pending applications for guardian of the estate. The court further issued letters of guardianship to Mr. Simonoff as guardian of Fourough's person, pending final hearing on the matter. Again, the probate court ordered that neither the parties nor the guardian may proceed with a final divorce hearing relative to Mehdi and Fourough.

A year-and-a-half after the initiation of this guardianship case, the probate court held a final hearing and issued a final judgment disposing of the pending applications. It denied the applications for guardianship filed by Mehdi Saghafi, Dariush Saghafi, and Kourosh Saghafi. It issued letters of guardianship of the person of Fourough to Jaleh Presutto and letter of guardianship of the estate of Fourough to Zachary Simonoff. [In] addition, the probate court ordered Fourough's attorney, Stephen Wolf, to "file [a] brief with Court on issue of divorce of the Ward." The court granted a 21-day period for responses to Attorney Wolf's brief.

Fourough, through Attorney Wolf, moved for an order allowing Mehdi and Fourough to proceed with a final divorce hearing. The guardian of the estate filed a brief in support. Mehdi filed briefs in opposition to both. Upon consideration of the briefs, the probate court ordered that "the Guardian is to proceed in the Cuyahoga County Domestic Relations case through to final divorce."

*In re Guardianship of Fourough Bakhtiar*, 9th Dist. Lorain No. 15CA010721, 2016-Ohio-8199,

¶ 2-7.

{¶3} Mehdi and Fourough's divorce was finalized on October 3, 2014. Subsequently, on May 13, 2016, Fourough was moved from her daughter's house to a nursing home. Two days later, Mehdi and members of Fourough's family visited her at the nursing home. Then, on May 16, 2016, the probate court appointed Siminoff to be the guardian of Fourough's person as well as her estate. On June 15, 2016, Mehdi filed a motion requesting the probate court to issue an order permitting him to have visitation with Fourough. Siminoff filed a guardian's position statement regarding Mehdi's motion for visitation on July 20, 2016, recommending the denial of the motion. The probate court scheduled a hearing on Mehdi's motion for September 22, 2016.

Nonetheless, on September 12, 2016, the probate court summarily denied Mehdi's motion for visitation.

{¶4} Mehdi Saghafi filed this timely appeal raising one assignment of error for our review.

II.

**Assignment of Error**

**The honorable trial court erred in denying the motion for visitation of Mehdi Saghafi with Fourough Bakhtiar on September 12, 2016.**

{¶5} In his assignment of error, Saghafi contends that the trial court erred and abused its discretion by denying his motion for visitation without first conducting a hearing.

{¶6} As a threshold matter, we must determine if the trial court's order is properly before this Court, as we only have jurisdiction to hear an appeal from a final judgment. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *In re Estate of Thomas*, 9th Dist. Summit No. 27177, 2014-Ohio-3481, ¶ 4. R.C. 2505.02(B). R.C. 2505.02(B) states in pertinent part,

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."

R.C. 2505.02(A)(2). Therefore, "[a] judicially appointed guardianship is a special proceeding." *In re: Emergency Guardianship of Stevenson*, 9th Dist. Medina No. 04CA0036-M, 2005-Ohio-997, ¶ 8.

{¶7} In this case, the probate court's order affects Mehdi Saghafi's fundamental right to associate with another consenting adult. *See* Article I, Section 3, Ohio Constitution; *see also In re: Guardianship of Flohr*, 5th Dist. Ashland No. 2014CA00082, 2014-Ohio-5847, ¶ 19-20 (recognizing the fundamental right to association with another consenting adult in the context of a court appointed guardianship of an incompetent person). Therefore, we determine that the probate court's order denying Mehdi Saghafi's motion was final and appealable.

{¶8} Having determined that the probate court's order was final, we must now address the merits of Mehdi Saghafi's assignment of error. First, we note "that the probate court maintains the authority to address matters of visitation in relation to guardianships." *In the Guardianship of B.I.C.*, 9th Dist. Wayne No. 09CA0002, 2009-Ohio-4800, ¶ 16. Nonetheless, all powers of the probate court that relate to any person whom the probate court has found to be incompetent and for whom it has appointed a guardian, must be exercised in the best interest of the ward. R.C. 2111.50(C). Accordingly, "[t]he probate court, as the 'superior guardian,' is the ultimate arbiter of whether it is in the best interest of a ward for an individual to have visitation." *Guardianship of Basista*, 11th Dist. Geauga No. 2015-G-0012, 2015-Ohio-3730, ¶ 13 ("*Basista II*"). "A probate court's decision regarding matters involving guardianships will not be reversed on appeal unless the probate court's decision amounts to an abuse of discretion." *In re Guardianship of Lavers*, 6th Dist. Lucas No. L-11-1044, 2012-Ohio-1668, ¶ 32. An abuse of discretion implies that the probate court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** Nonetheless, we are unable to determine whether the trial court abused its discretion since it summarily dismissed Mehdi Saghafi's motion without explanation. Accordingly, we must remand this matter to the probate court to determine whether visitation between Mehdi Saghafi and Fourough Bakhtiar is in the ward's best interest. We further note that the fact that Fourough Bakhtiar is "the subject of a guardianship * * * does not necessarily establish that she cannot express her own wishes and desires." *In re Guardianship of Basista*, 11th Dist. Geauga No. 2013-G-3140, 2014-Ohio-1349, ¶ 25. Thus, "[u]pon remand, the probate court, within its discretion, could order a hearing on the issue of visitation based on whether the trial court felt [Mehdi Saghafi] presented sufficient evidence to establish that [Fourough Bakhtiar]'s desire to communicate with him has changed. If, upon remand, the trial court does not determine [Mehdi Saghafi] met his burden, the trial court is not required to hold an evidentiary hearing[.]" *Basista II* at ¶ 19.

**{¶10}** Therefore, Mehdi Saghafi's assignment of error is sustained.

### III.

**{¶11}** Mehdi Saghafi's assignment of error is sustained. Accordingly, the judgment of the Lorain County Court of Common Pleas, Probate Division is hereby reversed and remanded to the probate court for further proceedings consistent with this decision.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURRING.

{¶12} I agree with the majority that this Court has jurisdiction to consider the appeal but write separately to raise a concern about standing. Specifically, I question whether an issue may exist as to appellant's standing to participate in this matter. However, because this issue has not been addressed or briefed, I will concur in the majority opinion.

APPEARANCES:

BRADLEY HULL, IV, Attorney at Law, for Appellant.

ERIC ZAGRANS, Attorney at Law, for Appellee.