[Cite as *In re Guardianship of Bakhtiar*, 2019-Ohio-581.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: GUARDIANSHP OF FOUROUGH BAKHTIAR

C.A. No. 18CA011271

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No. 2013GI00040

DECISION AND JOURNAL ENTRY

Dated: February 19, 2019

CARR, Judge.

{¶1} Appellant Khashayar Saghafi appeals from the judgment of the Lorain County Court of Common Pleas, Probate Division, denying his motion to intervene in the guardianship proceedings involving his mother, Fourough Bakhtiar. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} This case concerns the guardianship proceedings involving Fourough Bakhtiar, who was found to be incompetent to care for herself and her property. Unfortunately, the matter proceeded in a highly contentious manner among Fourough Bakhtiar's family members and has been the subject of several prior appeals. *See In re Guardianship of Bakhtiar*, 9th Dist. Lorain Nos. 16CA011036, 16CA011308, 2018-Ohio-1764; *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA011029, 2017-Ohio-8617; *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA010932, 2017-Ohio-5835; *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No.

15CA010721, 2016-Ohio-8199. This Court summarized much of the lengthy and complex history of the case in the most recent appeal. *See In re Guardianship of Bakhtiar*, 2018-Ohio-1764, at ¶ 1-15.

{¶3} As the issue currently before the Court is limited, we will only discuss the facts vital to the determination of this appeal. On November 9, 2017, Mr. Saghafi, one of Fourough Bakhtiar's sons, pursuant to Civ.R. 24(A)(2), filed a motion to intervene as a party in the proceedings in order to gain access to the guardianship file, to obtain visitation with his mother for himself and other next of kin, to obtain and evaluate his mother's records, to obtain and review probate court filings, to obtain and review financial records related to the guardianship, to exercise his rights as next of kin, and to request evidentiary hearings on matters that affect the best interests of his mother. The Guardian of the Estate and Person of Fourough Bakhtiar ("the Guardian") filed a motion to strike the motion to intervene due to Mr. Saghafi's failure to serve the motion on the Guardian's attorney. Mr. Saghafi filed a motion in opposition to the motion to strike, but, nonetheless, subsequently served a copy of the motion on the Guardian's counsel.

{¶4} Ultimately, the trial court denied the motion to strike and the motion to intervene. In denying the motion to intervene, the trial court stated that, "[t]here is no recognized right or need to 'intervene' in a guardianship. Mr. Saghafi may request the Court for any of the relief that he listed in his Motion to Intervene, without the necessity to intervene."

{¶5} Mr. Saghafi has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE PROBATE COURT ERRED WHEN IT FAILED TO PRESERVE THE BEST INTERESTS OF THE WARD AND DENIED APPELLANT, NEXT OF KIN TO THE WARD KHASHAYAR (KASH) SAGHAFI'S MOTION TO INTERVENE IN THE GUARDIANSHIP PROCEEDING.

{¶6} Mr. Saghafi argues in his assignment of error that the trial court erred in denying his motion to intervene. He argues both that he met the requirements necessary to intervene as a matter of right under Civ.R. 24(A)(2) and that the trial court improperly concluded as a matter of law that there is no recognized right to intervene in a guardianship. The latter argument is determinative.

{¶7} In its judgment entry, the trial court denied Mr. Saghafi's motion to intervene, concluding that "[t]here is no recognized right or need to 'intervene' in a guardianship." The trial court did not further clarify its judgment. Accordingly, given the plain language, it appears the trial court concluded that there is never a right to intervene in a guardianship.

{¶8} Civ.R. 24(A)(2) provides:

Upon timely application anyone shall be permitted to intervene in an action: * * * when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶9} In *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, the Supreme Court held that a ward's non-Ohio-resident next of kin, who failed to file an application to be appointed guardian and otherwise was not made a party to the guardianship proceedings, lacked standing to appeal the trial court's determination of jurisdiction. *Id.* at ¶ 1-3, 8. In so doing, the Court noted that, while the appellant was precluded by statute from being named guardian, "there were other means for her to have been made a party." *Id.* at ¶ 10. Citing to Civ.R. 24(A)(2), the portion at issue here, the Supreme Court stated that the appellant "could have filed a motion to intervene under Civ.R. 24, and would have been permitted to intervene in the guardianship case if she could have shown she had an 'interest relating to the property or transaction that is the subject of the action and [she] is so situated that the disposition of the

action may as a practical matter impair or impede [her] ability to protect that interest, unless [her] interest is adequately represented by existing parties.'" *Id.* The Supreme Court then discussed the important role the rules for intervention play in guardianship proceedings:

> The rules for intervention allow courts to maintain control of proceedings and permit parties to participate only when they have an actual interest in the guardianship proceedings. The creation of a guardianship is a significant event, and family, friends, or even concerned neighbors could all potentially be affected by the outcome of a guardianship proceeding. Not all such persons will have a legally sufficient interest to allow them to become parties to the proceedings, however.

*Id.* at ¶ 11.

{¶10} Given the foregoing, we can only conclude there are circumstances in which a nonparty next of kin would be permitted to intervene as a matter of right, pursuant to Civ.R. 24(A)(2), in a guardianship proceeding. *See id.* at ¶ 10; *see also In re Finley*, 9th Dist. Wayne No. 08CA0029, 2009-Ohio-399, ¶ 6 ("[T]here exist alternative ways to become a party to the proceedings; for example, by way of intervention under Civ.R. 24."). Thus, the trial court erred when it concluded otherwise. As the trial court denied Mr. Saghafi's motion to intervene solely because it erroneously concluded that "[t]here is no recognized right or need to 'intervene' in a guardianship[,]" we sustain Mr. Saghafi's assignment of error. Further, because the trial court has not yet considered whether Mr. Saghafi met the standard outlined in Civ.R. 24(A)(2) to be granted intervention as of right, we take no position on that issue. Upon remand, the trial court should consider that issue in the first instance. *See Huntington Natl. Bank v. Anderson*, 9th Dist. Lorain No. 17CA011223, 2018-Ohio-3936, ¶ 32.

{¶11} Mr. Saghafi's assignment of error is sustained.

III.

{¶12} Mr. Saghafi's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Probate Division, is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CHARLES V. LONGO, HUNTER G. CAVELL, and MATTHEW S. MARSALKA, Attorneys at Law, for Appellant.

ERIC H. ZAGRANS, Attorney at Law, for Appellee.