[Cite as *In re Guardianshp of Bakhtiar*, 2021-Ohio-2162.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: GUARDIANSHP OF FOUROUGH BAKHTIAR

C.A. No.　　19CA011508

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.　　2013 GI 00040

DECISION AND JOURNAL ENTRY

Dated: June 28, 2021

CARR, Judge.

**{¶1}** Appellant Khashayar Saghafi appeals from the judgment of the Lorain County Court of Common Pleas, Probate Division, granting the motion of Appellee The Spike & Meckler Law Firm, LLP ("the Law Firm") for attorney fees. This Court affirms.

I.

**{¶2}** This matter involves the guardianship proceeding involving Fourough Bakhtiar, who was found to be incompetent to care for herself and her property. This Court has detailed the long and litigious history of this case in prior appeals. *See, e.g., In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 18CA011271, 2019-Ohio-581, ¶ 2.

**{¶3}** Only facts relevant to this appeal will be discussed herein. The Law Firm has represented Ms. Bakhtiar's daughter, Jaleh Presutto since 2013. Ms. Presutto, at times has been the guardian of the person of Ms. Bakhtiar. However, since May 16, 2016, Appellee Zachary B.

Simonoff ("the Guardian") has been the guardian of the person and estate of Ms. Bakhtiar. Ms. Presutto has nonetheless been a caregiver to Ms. Bakhtiar.

{¶4} In November 2017, Mr. Saghafi, one of Ms. Bakhtiar's sons, filed a motion to intervene pursuant to Civ.R. 24(A)(2). *See In re Guardianship of Bakhtiar* at ¶ 3. The trial court denied Mr. Saghafi's motion, but this Court reversed its decision and remanded the matter for the trial court to consider the merits of Mr. Saghafi's motion in the first instance. *See id.* at ¶ 4, 10. At the time the record was filed in this matter, Mr. Saghafi's motion to intervene remained pending in the trial court.

{¶5} On January 15, 2019, the Law Firm filed a motion seeking attorney fees for services rendered from May 14, 2016 through December 31, 2018. Attached to the motion was an itemized billing statement spanning dozens of pages. The trial court scheduled a hearing on the motion for March 21, 2019. On February 20, 2019, the Guardian filed a document consenting to a finding that the services provided by the Law Firm were necessary, done in good faith, and of benefit to the guardianship and Ms. Bakhtiar. On February 22, 2019, Stephen Wolf, Ms. Bakhtiar's attorney, filed a similar document waiving notice and consenting to an award of fees to the Law Firm. In April 2019, the Law Firm filed a supplement to its motion for the purpose of correcting a clerical error. Mr. Saghafi, despite filing several other motions in the trial court, did not file any objections to the Law Firm's motion or object at the hearing on the matter. In fact, no one objected to the Law Firm's motion for fees.

{¶6} On May 16, 2019, the trial court, in a brief entry, granted the Law Firm's motion and awarded the Law Firm $100,521.52.

{¶7} Mr. Saghafi has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE PROBATE COURT ERRED WHEN IT APPROVED THE MOTION FOR PAYMENT OF ATTORNEY FEES FILED BY THE SPIKE & MECKLER LAW FIRM IN THE AMOUNT OF $100,521.52, INCURRED BY JALEH PRESUTTO DURING A TIME PERIOD IN WHICH SHE HAD BEEN REMOVED AS GUARDIAN FOR CRIMINAL MISCONDUCT WHICH RESULTED IN FELONY CONVICTIONS, WITHOUT ANY EVIDENCE NOR FINDING OF NECESSITY AND BENEFIT TO THE WARD.

{¶8} Mr. Saghafi argues in his sole assignment of error that the trial court abused its discretion in awarding the requested fees to the Law Firm. He maintains that there was insufficient evidence presented to support the award and that the trial court failed to make necessary findings in its judgment entry.

{¶9} Under the circumstances before us, we conclude that Mr. Saghafi cannot challenge on appeal the sufficiency of the evidence to support the award of attorney fees because Mr. Saghafi did not object on that basis below or raise that issue in the trial court. *See LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 123 (1987); *Wells v. Wells*, 9th Dist. Summit No. 25557, 2012-Ohio-1392, ¶ 58; In *re J.S.*, 9th Dist. Summit No. 23842, 2008-Ohio-179, ¶ 10; *Lynch v. Lynch*, 9th Dist. Summit No. 17170, 1995 WL 655932, *5 (Nov. 8, 1995). Moreover, Mr. Saghafi has not developed a plain error argument on appeal and we decline to create one for him. *See Wells* at ¶ 58.

{¶10} With respect to Mr. Saghafi's argument that the trial court failed to make the requisite findings in its judgment entry, we conclude that even if the trial court erred in doing so, given that Mr. Saghafi is unable to challenge the underlying sufficiency of the evidence supporting the award, we conclude that any error present, particularly in light of the unique circumstances of this case, is harmless. *See* Civ.R. 61; Civ.R. 73(A). An important function of these findings is to

aid this Court's review of the merits of the trial court's ruling; however, as noted above, Mr. Saghafi cannot challenge the underlying merits of the trial court's decision to award attorney fees to the Law Firm. *See, e.g., In re J.G.,* 9th Dist. Wayne No. 12CA0037, 2013-Ohio-417, ¶ 35 (noting a purpose of required findings is to facilitate appellate review).

{¶11}  Mr. Saghafi's assignment of error is overruled.

III.

{¶12}  Mr. Saghafi's assignment of error is overruled.  Any outstanding motions in the present appeal are denied.  The judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CHARLES V. LONGO and GREGORY B. GIPSON, Attorney at Law, for Appellant.

ERIC H. ZAGRANS, Attorney at Law, for Appellee.

NEIL H. SPIKE, Attorney at Law, for Appellee.